UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAXIMUM MORTGAGE, INC., JUSTIN ) <br> STUCKEY, CARRIE STUCKEY, REX D. ) <br> WELLS, ACCELERATED TITLE COMPANY,) <br> JAMES PAPPAS, COREY STUCKEY, ) <br> STEWART TITLE GUARANTY COMPANY, ) <br> GREG CHEVALIER, APPRAISAL SOURCE ) <br> OF FORT WAYNE, INC., ALLEN COUNTY ) <br> APPRAISAL, INC., EILATAN, INDIANA ) <br> RESOURCE NETWORK, ALLIANCE ) <br> PROPERTY MANAGEMENT, RICHARD ) <br> ROLLINS ) <br> ) <br> Defendants. ) | CAUSE NO. 1:04-cv-00492 |

**OPINION and ORDER**

This matter is before the Court on the Motion of Plaintiff ABN AMRO Mortgage seeking to conduct jurisdictional discovery. (DE #91.)  Although Defendant James Pappas ("Pappas") challenges personal jurisdiction and was given an opportunity to respond (DE #93), he failed to do so. Accordingly, the Court will rule based on the current record and will grant the motion.

Among others, ABN's Complaint named Pappas and Accelerated Title Company ("Accelerated Title") as party defendants. (DE #1.) The Clerk issued a Summons to Pappas, which was returned as executed on March 9, 2005. (DE ## 2 & 43.) The return shows that Pappas was served by certified mail on January 10, 2005. (DE #43.) The "Certified Mail Receipt" attached to the return shows that the Summons and Complaint were forwarded to 1018

N. Ward Street, Tampa, Florida 33607, where "G. Ferrer" accepted service of the documents, allegedly on behalf of Pappas.  (DE #43.)

On April 13, 2005, Pappas had not yet responded to the Complaint, and ABN filed a Motion for Entry of Default against him. (DE #51.) The Clerk entered Default against Pappas on April 26, 2005. (DE #54.) On September 15, 2005, Pappas filed a Motion for Relief from Entry of Clerk's Default and a Motion to Dismiss, along with an Affidavit of James Pappas contending that ABN failed to obtain proper service and that this Court lacks personal jurisdiction over him. (DE ## 84, 85 & 86.)

Pappas' Affidavit implies that he does not know Ferrer, that Ferrer is not authorized to accept service on his behalf, and that Ferrer, in fact, never delivered the documents to him. Moreover, Pappas contends that he has never lived or worked in the state of Indiana, and his only contacts have "consisted of business contacts made as a representative of Accelerated Title."  (Aff. of James Pappas, ¶¶ 3-4.)

This brings into focus Pappas' effort to be relieved of the entry of default pursuant to Fed. R. Civ. P. 55(c), and to obtain dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). In essence, Pappas argues that his contacts with Indiana have all been in a corporate capacity, and thus, under the fiduciary shield doctrine, this court never acquired personal jurisdiction over him, making the entry of default void; Pappas also contends that the default is void because he never properly received service of process.  ABM AMRO's motion essentially asks that before they have to file a response to these legal assertions, they be given the opportunity to test the factual underpinnings through discovery.

This Court has addressed such requests before.  *See Andersen v. Sportmart Inc.*, 179

F.R.D. 236, 241 (N.D. Ind. 1998). Generally speaking, jurisdictional discovery should be allowed, provided the plaintiff can make a threshold or *prima facie* showing by competent evidence that personal jurisdiction *might* exist over a defendant. *Id.* This rather low threshold is crossed if the plaintiff can show that the factual record is at least ambiguous or unclear on the issue of jurisdiction. *Id.*

Ambiguity aptly describes the facts, such as we know them, surrounding the issue of service. After all, the record contains a return of summons, which shows that at the very least, proper service *might* have been achieved under state law. *See* Fed. R. Civ. P. 4(e)(1). This conclusion hardly vanishes in light of Pappas' carefully worded affidavit, which leaves unanswered many questions surrounding the circumstances of the purported service, including whether he knows Ferrer, and whether Ferrer had authority to accept service for him.

Additionally, Pappas' affidavit is far from conclusive on the issue of his contacts with the state of Indiana, and certainly neither the Plaintiff, nor this Court, are bound to accept it at face value. And while Pappas invokes the fiduciary shield doctrine, an equitable principle that asks whether it is fair to exercise personal jurisdiction in this instance, *Hispec Wheel & Tire, Inc. v. Tredit Tire & Wheel Co., Inc.*, 2005 WL 1983846 at *3, n.1 (N.D. Ind. Aug. 11, 2005) (citing *Ryan v. Chayes Virginia, Inc.*, 553 N.E.2d 1237, 1239-1240 (Ind. Ct. App.1990)), such a rule compels at least some discovery by its very nature.[1]

Accordingly, the Court GRANTS ABM AMRO's Motion for Leave to Conduct

---

[1] The fiduciary shield doctrine has not received an enthusiastic reception in Indiana's federal courts. *See, e.g.*, *Int'l Med. Group Inc. v. Am. Arbitration Ass'n*, 2001 WL 984808, at *6 (S.D. Ind. Jul. 26, 2001); *Health Mgmt. Prof'ls, Inc. v. Diversified Bus. Enterp., Inc.*, 882 F. Supp. 795, 799 (S.D. Ind.1995) (concluding that the Indiana Supreme Court would not adopt the doctrine).

3

Jurisdictional Discovery, and the Plaintiff is granted leave to take the telephonic deposition of James Pappas on the limited issues of service of process and personal jurisdiction and is further granted an extension of time to respond to Pappas' Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss until 30 days after the telephonic deposition is conducted.  Pappas is to cooperate with Plaintiff in coordinating and conducting the telephonic deposition.

     Enter for October 17, 2005.

                                             S/Roger B. Cosbey
                                             Roger B. Cosbey
                                             United States Magistrate Judge