UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 1:04cv492 |
| MAXIMUM MORTGAGE, INC., et al., | ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a Motion for Leave to Amend Complaint filed by the plaintiff, ABN AMRO Mortgage Group Inc. ("ABN"), on November 15, 2005. The defendants responded to the motion on December 6, 2005, to which ABN replied on December 30, 2005. On January 9, 2006, the defendants filed a surreply.

For the following reasons, the motion to amend complaint will be granted.

Discussion

In its motion to amend, ABN seeks leave to amend its complaint to plead its fraud claims with more particularity[1], to add a claim for criminal mischief, and to assert claims for breach of contract and negligence against additional defendants already named as parties.

ABN states that since the court's dismissal of its fraud claims, it has conducted some additional informal investigation (as it has not yet been permitted to engage in formal discovery) and has learned additional details surrounding the fraud allegations contained in its original

---

[1] On May 16, 2005, this court dismissed fraud-related claims asserted in ABN's original complaint against defendants Rex Wells, Eilatan, Indiana Resource Network, and Alliance Property Management (the "Wells Defendants") due, in part, to ABN's failure to plead with sufficient particularity.

complaint.. Thus ABN seeks to file a first amended complaint to incorporate the newly-discovered details and facts surrounding its allegations of fraud, and also to add a claim of criminal mischief and add named defendants to its claims for breach of contract and negligence.

ABN notes that in the "Report of Parties' Planning Meeting" ABN was given until February 6, 2006 to seek leave of court to join additional parties and to amend the pleadings. ABN further notes that pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend its pleadings by leave of court and "leave shall be freely given when justice so requires."

In response to the motion to amend, the defendants assert that ABN's claims based on common law fraud and I.C. § 34-24-3-1 fail to state a claim, and thus ABN's motion to amend should be denied with respect to these claims. The defendants then devote 13 pages of its brief explaining why it believes ABN's amended complaint is futile, at least with respect to the claims based on common law fraud and I.C. § 34-24-3-1. In reply, ABN sets forth 11 pages of argument in support of its contention that its amended complaint is not at all futile. This reply, in turn, prompted a surreply by the defendants in which they state that the motion to amend should be granted only upon the condition that those counts which fail to state a claim against the Wells Defendants be stricken insofar as they relate to the Wells Defendants.

Clearly, the defendants are putting the cart before the horse. ABN has merely asked to amend its complaint, not to have it blessed by the court as being sufficient to withstand a dispositive motion, such as a motion to dismiss. The defendants have fully demonstrated their ability to file such a motion, and may, of course, do so if they wish to argue that the amended complaint, or parts thereof, fail to state a claim. Accordingly, the court will permit ABN to file its proposed amended complaint.

<u>Conclusion</u>

Based on the foregoing, ABN's motion for leave to file amended complaint is hereby GRANTED.

Entered: January 26, 2005.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court
